850 F.2d 690
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William L. SPRIGGS, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 87-1651.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1988.
Decided: June 27, 1988.
 
 Jonathan S. Cohen, Tax Division, Department of Justice (William S. Rose, Jr., Acting Assistant Attorney General; Michael C. Durney, Acting Assistant Attorney General; Henry E. Hudson, United States Attorney; Michael L. Paup; Gayle P. Miller, Tax Division, Department of Justice, on brief), for appellant.
 Michael Savage (Gersten, Savage, Kaplowitz & Zukerman; John B. Boatwright, III, on brief), for appellee.
 Before SPROUSE and ERVIN, Circuit Judges, and W. EARL BRITT, Chief, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The United States appeals the district court's grant of summary judgment in favor of William L. Spriggs on Spriggs' action for redetermination of penalties the Internal Revenue Service assessed against him under section 6700 of the Internal Revenue Code, 26 U.S.C. Sec. 6700, for promoting abusive tax shelters. The Government contends on appeal that the district court erred in assessing Spriggs' penalty on the basis of his aggregate yearly sales of the tax shelters rather than applying the statutory penalty formula separately to each sale. We affirm the action of the district court.
 
 
 2
 The facts presented to the district court were not in dispute. Spriggs is an accountant who sold tax shelter investments to customers in 1982 and 1983, making twenty-one sales during those two years. In 1983 he received $5,880 in commissions from the sale of eight partnership interests, and in 1984 he received $9,750 in commissions from the sale of thirteen partnership interests.[1] The Service determined Spriggs' tax shelters were illegal and assessed penalties against him under section 6700, which states:
 
 
 3
 Sec. 6700.
 
 
 4
 (a) Imposition of penalty.
 
 
 5
 Any person who--
 
 
 6
 (1)(A) organizes (or assists in the organization of)--
 
 
 7
 (i) a partnership or other entity,
 
 
 8
 (ii) any investment plan or arrangement, or
 
 
 9
 (iii) any other plan or arrangement, or
 
 
 10
 (B) participates in the sale of any interest in an entity or plan or arrangement referred to in subparagraph (A), and
 
 
 11
 (2) makes or furnishes (in connection with such organization or sale)--
 
 
 12
 (A) a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter, or
 
 
 13
 (B) a gross valuation overstatement as to any material matter, shall pay a penalty equal to the greater of $1,000 or 10 percent of the gross income derived or to be derived by such person from such activity.[2]
 
 
 14
 26 U.S.C. Sec. 6700 (1982).
 
 
 15
 In calculating Spriggs' penalty, the Service applied section 6700 on a per-sale basis. Since, for each of the individual sales in question, ten percent of Spriggs' income was less than $1,000, the Service assessed a $1,000 penalty for each sale, creating a total penalty of $21,000.[3] Pursuant to 26 U.S.C. Sec. 6703(c), Spriggs paid 15% of the assessed penalties and filed suit for abatement of the penalties.
 
 
 16
 Before the district court, Spriggs conceded both that the shelters were illegal and that he is subject to a penalty under section 6700. He argued, however, that penalty should be assessed on an annual basis as the greater of $1,000 or ten percent of his income from the sale of shelters for the year in question. The district court agreed and granted summary judgment in Spriggs' favor. Spriggs v. United States, 660 F.Supp. 789 (E.D.Va.1987). The statutory language, which imposes a penalty on the "gross income derived ... from such activity," indicated to the court "that the $1,000 penalty would apply if it exceeded 10% of the income derived from something other than each sale of an interest...." Id. at 791. The district court emphasized the legislative use of the qualifying words "in connection with such organization or sale" in subsection (a)(2) and observed that in other penalty provisions, when Congress intended to apply a per-act penalty, it stated specifically that each transgression would be penalized.[4] Consequently, the court concluded that Congress' use of the words "such activity" indicated an intent to base the penalty upon "the salesperson's overall activity of promoting abusive tax shelters." Id.
 
 
 17
 On appeal, the Service contends that the plain language of the statute mandates per-sale application of the penalty. The Service argues that the use of the singular throughout subsection (a)(1) clearly demonstrates that the words "such activity" refers to single acts. We cannot agree that the statutory language is unambiguous, and we find the district court's construction the more persuasive. We also agree that the statute's legislative history lends support to the district court's analysis.[5] Accordingly, we affirm on the reasoning of the district court.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 In each case the commission was received in the year following the sales
 
 
 [2]
 Section 6700 has been amended to provide for a penalty equal to the greater of $1,000 or 20% of the promoter's income. 26 U.S.C. Sec. 6700 (Supp. II 1984). The amendment applies to sales made after August 31, 1984
 
 
 [3]
 The Commissioner exercised his discretion to reduce the penalty to $15,630, an amount equal to Spriggs' total profits from sales of the shelters
 
 
 [4]
 The court pointed to several examples of penalty provisions that specify per-event penalties, including: 26 U.S.C.A. Sec. 6652 (West Supp.1988) (failure to file certain information returns, registration statements, or other filings); 26 U.S.C. Sec. 6674 (failure to furnish a statement to an employee); 26 U.S.C.A. Sec. 6676 (West Supp.1988) (failure to supply a taxpayer identification number); id. Sec. 6708 (failure to maintain lists of investors in potentially abusive tax shelters)
 
 
 [5]
 In 1984 Congress amended the statute in response to the concern that the section 6700 penalty was too small to be effective because promoters of abusive shelters have sufficient profit margins to pass a 10% penalty on to their clients. See H.R.Rep. No. 432, 98th Cong., 2d Sess. 1, 1357-58, reprinted in 1984 U.S.Code Cong. & Admin.News 697, 1009. Congress raised the penalty from 10% to 20%, but retained the $1,000 minimum penalty "because, as originally enacted, the $1,000 was intended to be a minimum penalty on small promoters who derive little income from the deals they promote." Id. As the district court noted, if applied on the theory advanced by the Service, the penalty would not be a "minimum penalty on small promoters" and would make Congress' increase to a 20% penalty academic. The district court found the IRS' interpretation of the penalty inconsistent with the legislative history. Spriggs, 660 F.Supp. at 791-92
 The district court also rejected the Service's interpretation because it found a per-sale rule would punish unevenly promoters who had sold the same dollar amount of abusive shelters. Under the Service's method, the court noted, promoters who had earned equal amounts of income through sales of shelters would pay differing penalties based on the number of buyers to whom the shelters were sold. Spriggs, 660 F.Supp. at 792.